**Elba W. VAUGHN, Widow of Decedent, Clarence W. Vaughn, Appellant,**

**v.**

**William John HUFNAGEL, Executor of the Estate of Clarence W. Vaughn et al., Appellees.**

Court of Appeals of Kentucky.

May 21, 1971.

Rehearing Denied Dec. 17, 1971.

William B. Cohen, Louisville, for appellant.

Lawrence S. Grauman, Louisville, for appellees.

EDWARD P. HILL, Jr., Judge.

This is an appeal from an order granting appellees summary judgment on the trial of appellant's appeal to the Jefferson Circuit Court from the order of the Jefferson County Court probating a will of Clarence W. Vaughn and refusing to appoint the appellant administratrix of the estate of Clarence W. Vaughn.

The will of Clarence W. Vaughn, regular on its face, was dated January 23,

1963. It left the estate of deceased to a friend and neighbor who was no relation to him.

On July 16, 1966, appellant and the deceased journeyed to the state of Ohio, where common-law marriages are recognized, and registered at a motel as Mr. and Mrs. Clarence W. Vaughn. They were at that time residents of Kentucky.

Appellant says they exchanged mutual vows in marriage without witnesses or solemnization. On the following day, they returned to Kentucky with the appellant regaled in the customary diamond ring and wedding band. Until the death of Clarence, they lived and held themselves out as man and wife.

The chancellor considered only the pleadings and answers to interrogatories addressed to appellant and her attorney. But they established beyond a question that the parties to the so-called attempted marriage in question here were "visitors in Ohio" during the less than 24-hour period of their stay in that state.

We could spend considerable time and space in a prolonged discussion of common-law marriage and related questions which may be interesting and beneficial to students of the law, but preferring to leave those questions to the text writers and others, we simply say that this state does not recognize common-law marriage within the boundary lines of this state, but may recognize one legalized by another state. But it takes more than riding across the Ohio River to make one legal.

In Kennedy v. Damron, Ky., 268 S.W.2d 22, 24 (1954), this court wrote these lines which fit the facts and provide the legal answer to the instant case:

"Upon the evidence in the case before us, the chancellor was justified in concluding that Mr. Damron and Eula Mae were merely visitors in Ohio, with no abode by which they established themselves as members of the community. It is true they occupied a dwelling for a

time, but only in the character of transients, and their holding themselves out as man and wife, in Ohio, was principally as to tradesmen with whom they had casual dealings. They did not become an established part of the community."

In Umbenhower v. Labus, 85 Ohio St. 238, 97 N.E. 832, the Ohio Court thus defined a common-law marriage:

"An agreement of marriage *in praesenti*, when made by parties competent to contract, accompanied and followed by cohabitation as husband and wife, they being so treated and reputed in the community and circle in which they move, establishes a valid marriage at common law."

■ It is concluded that the claim of common-law marriage fails. It follows that the judgment denying appellant letters of administration is correct and is affirmed.

All concur.